No. 26-2265

UNITED STATES COURT OF APPEALS
FOR THE SEVENTH CIRCUIT

CHILDREN OF THE COURT, a non-profit corporation, and, JUDICIOCRACY LLC,

Plaintiffs-Appellants,

v.

ATTORNEY REGISTRATION AND DISCIPLINARY COMMISSION, LEA S. GUTIERREZ, in their official capacities, and TAMMY EVANS, in their official capacities,

Defendants-Appellees.

Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division
Case No. 1:25-cv-03387
The Honorable April M. Perry

**BRIEF OF DEFENDANTS-APPELLEES**

James Scott Renfroe
Attorney Registration &
Disciplinary Commission
130 E. Randolph, Suite 1500
Chicago, IL 60601
(312) 565-2600
*Attorney for Defendants-Appellees*

Athena T. Taite
Attorney Registration &
Disciplinary Commission
130 E. Randolph, Suite 1500
Chicago, IL 60601
(312) 565-2600
*Attorney for Defendants-Appellees*

Save As Clear Form

**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 26-2265

Short Caption: Children of the Court and Judiciocracy LLC v. ARDC, Gutierrez and Evans

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
Attorney Registration and Disciplinary Commission, Lea S. Gutierrez and Tammy Evans

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
Attorney Registration and Disciplinary Commission of the Supreme Court of Illinois

(3) If the party, amicus or intervenor is a corporation:

i) Identify all its parent corporations, if any; and

N/A

ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

N/A

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

---

Attorney's Signature: [signature] Date: August 17, 2026

Attorney's Printed Name: Athena T. Taite

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). **Yes** ☑ **No** ☐

Address: 130 E. Randolph, Suite 1500

Chicago, IL 60601

Phone Number: 312-565-2600 Fax Number: 312-565-2320

E-Mail Address: ataite@iardc.org; ARDCeService@iardc.org

Save As Clear Form



**APPEARANCE & CIRCUIT RULE 26.1 DISCLOSURE STATEMENT**

Appellate Court No: 26-2265

Short Caption: Children of the Court and Judiciocracy LLC v. ARDC, Gutierrez and Evans

To enable the judges to determine whether recusal is necessary or appropriate, an attorney for a non-governmental party, amicus curiae, intervenor or a private attorney representing a government party, must furnish a disclosure statement providing the following information in compliance with Circuit Rule 26.1 and Fed. R. App. P. 26.1.

The Court prefers that the disclosure statements be filed immediately following docketing; but, the disclosure statement must be filed within 21 days of docketing or upon the filing of a motion, response, petition, or answer in this court, whichever occurs first. Attorneys are required to file an amended statement to reflect any material changes in the required information. The text of the statement must also be included in the front of the table of contents of the party's main brief. **Counsel is required to complete the entire statement and to use N/A for any information that is not applicable if this form is used.**

☐ **PLEASE CHECK HERE IF ANY INFORMATION ON THIS FORM IS NEW OR REVISED AND INDICATE WHICH INFORMATION IS NEW OR REVISED.**

(1) The full name of every party that the attorney represents in the case (if the party is a corporation, you must provide the corporate disclosure information required by Fed. R. App. P. 26.1 by completing item #3):
Attorney Registration and Disciplinary Commission, Lea S. Gutierrez and Tammy Evans

(2) The names of all law firms whose partners or associates have appeared for the party in the case (including proceedings in the district court or before an administrative agency) or are expected to appear for the party in this court:
N/A

(3) If the party, amicus or intervenor is a corporation:

i) Identify all its parent corporations, if any; and

N/A

ii) list any publicly held company that owns 10% or more of the party's, amicus' or intervenor's stock:

N/A

(4) Provide information required by FRAP 26.1(b) – Organizational Victims in Criminal Cases:

N/A

(5) Provide Debtor information required by FRAP 26.1 (c) 1 & 2:

N/A

---

Attorney's Signature: [signature] Date: August 19, 2026

Attorney's Printed Name: James Scott Renfroe

Please indicate if you are *Counsel of Record* for the above listed parties pursuant to Circuit Rule 3(d). **Yes** ☐ **No** ☑

Address: 130 E. Randolph, Suite 1500

Chicago, IL 60601

Phone Number: 312-565-2600 Fax Number: 312-565-2320

E-Mail Address: srenfroe@iardc.org

**TABLE OF CONTENTS**

Page(s)

Table of Contents ........ iii

Table of Authorities ........ iv

Jurisdictional Statement ........ 1

Statement of Issues Presented for Review ........ 2

Statement of the Case ........ 2

A. Background ........ 3

B. Plaintiffs' Instant Lawsuit Against Defendants ........ 7

Summary of the Argument ........ 9

Argument ........ 9

I. Plaintiffs Lack Standing to Complain About the ARDC's Prosecutorial Discretion, When They Have No Legally Cognizable Interest in the Prosecution of Mr. Wienhaus and Have Not Demonstrated Any Concrete Injury From Defendants' Actions ........ 9

II. Plaintiffs Alternative Argument That They Have Third-Party Standing Is Unavailing ........ 16

III. Abstention is Appropriate in This Matter, to Avoid Offending the Principles of Comity and Federalism ........ 17

Conclusion ........ 27

Certificate of Compliance with Fed. R. App. P. 32(a) and Cir. R. 32(b) ........ 28

Certificate of Service ........ 29

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Allen v. Wright*, 468 U.S. 737 (1984) ........ 10

*Berrada Props. Mgmt. Inc. v. Romanski*, 608 F. Supp. 3d 746 (E.D. Wis. 2022) .... 23

*Brotherhood of Railroad Trainmen v. Virginia*, 377 U.S. 1 (1964) ........ 13

*Chapman v. Oklahoma*, 472 F.3d 747 (10th Cir. 2006) ........ 18

*Cleveland v. ARDC*, No. 95 C 5775, 1996 U.S. Dist. LEXIS 13198 (N.D. Ill. Sep. 5, 1996) ........ 19

*Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167 (5th Cir. 1990) ........ 14

*Collins v. Cty. of Kendall*, 807 F.2d 95 (7th Cir. 1986) ........ 23

*Colo. Health Care Ass'n v. Colo. Dept. of Social Services*, 842 F.2d 1158 (10th Cir. 1988) ........ 24

*Courthouse News Serv. v. Brown*, 908 F.3d 1063 (7th Cir. 2018) ........ 18

*Del Marcelle v. Crown Cnty. Corp.*, 680 F.3d 887 (7th Cir. 2012) ........ 1, 11

*Dowling v. Ala. State Bar*, 539 So.2d 149 (Ala. 1988) ........ 25

*Garrison v. Louisiana*, 379 U.S. 64 (1964) ........ 25

*Geisha, LLC v. Tuccillo*, 525 F. Supp. 2d 1002 (N.D. Ill. 2007) ........ 11

*Gomez v. Schneiter*, 05-C-184-C, 2005 U.S. Dist. LEXIS 20236 (W.D. Wis. Sept. 15, 2005) ........ 24

*Greening v. Moran*, 953 F.2d 301 (7th Cir. 1992) ........ 19

*Hunter v. Va. State Bar*, 786 F. Supp. 2d 1107 (E.D. Va. 2011) ........ 20

*In re Corland Corp.*, 967 F.2d 1069 (5th Cir. 1992) ........ 24

*In re Duebbert*, 2013PR00127, M.R. 27475 (Sept. 21, 2015) ........ 25

*In re Lefkas Gen. Partners*, 153 B.R. 804 (N.D. Ill. 1993) ........................................24

*In re Lowery*, 2020PR00018, M.R. 031506 (Jan. 17, 2023) ......................................26

*In re Mitan*, 75 Ill. 2d 118 (1979) ..............................................................................3

*In re Palmisano*, 70 F.3d 483 (7th Cir. 1995) ..........................................................25

*In re Primus*, 436 U.S. 412 (1978)..............................................................................14

*In re Samuels*, 126 Ill. 2d 509 (1989) .........................................................................19

*In re Sweports, Ltd.*, 476 B.R. 540 (Bankr. N.D. Ill. 2012) ......................................16

*In re Thomas*, 2012 IL 113035 ....................................................................................3

*Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181 (7th Cir. 1996) ................................24

*Lefebure v. D'Aquilla*, 15 F.4th 650 (5th Cir. 2021) ..................................................13

*Levin v. ARDC*, 74 F.3d 763 (7th Cir. 1996) .............................................................19

*Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963 (7th Cir. 2016) ................10

*Linda R.S. v. Richard D.*, 410 U.S. 614 (1973).............................................. 1, 11-13

*Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742 (7th Cir. 2007) ............11

*Manning v. Mun. Ct. of Roxbury Dist.*, 361 N.E.2d 1274 (Mass. 1977)...................12

*McCaskill v. SCI Mgmt. Corp.* 298 F.3d 677 (7th Cir. 2002)...................................24

*Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982)........................................................................................................ 17-19

*NAACP v. Button*, 371 U.S. 415 (1963).....................................................................13

*New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989)...............................................................................................................18

*Notopoulos v. Statewide Grievance Comm'n*, 890 A.2d 509 (Conn. 2006) ...............25

*Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987) ................................................ 21-22

*Peterson v. U.S.*, 02 C 5996, 2002 U.S. Dist. LEXIS 19247 (N.D. Ill. Oct. 3, 2002) ....................12, 20

*Plotkin v. Ryan*, 239 F.3d 882 (7th Cir. 2001) ....................11

*Pomozal v. City of Highland Park*, No. 00 C 7472, 2003 U.S. Dist. LEXIS 26052 (N.D. Ill. Mar. 7, 2003) ....................11

*Pugach v. Dollinger*, 365 U.S. 458 (1961) ....................18

*Rhodes v. Dittmann*, 783 F.3d 669 (7th Cir. 2015) ....................17

*Silha v. ACT, Inc.*, 807 F.3d 169 (7th Cir. 2015) ....................10

*SKS & Assoc. v. Dart*, 619 F.3d 674 (7th Cir. 2010) ....................18

*Smith v. Shook*, 237 F.3d 1322 (11th Cir. 2001) ....................12

*Sterns v. Lundberg*, 922 F. Supp. 164 (S.D. Ind. 1996) ....................22

*Storment v. O'Malley*, 938 F.2d 86 (7th Cir. 1991) ....................19

*Swanson v. City of Chetek*, 719 F.3d 780 (7th Cir. 2013) ....................1, 10

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308 (2007) .................... 4, n. 1

*Towada Audio Co. v. Aiwa Corp.*, No. 18-cv-4397, 2019 U.S. Dist. LEXIS 41348 (N.D. Ill. Mar. 14, 2019) ....................22

*United Mine Workers v. Illinois State Bar Ass'n*, 389 U.S. 217 (1967) ....................14

*United States v. Armstrong*, 517 U.S. 456 (1996) ....................24

*United States v. Grundhoefer*, 916 F.2d 788 (2d Cir. 1990) .................... 12-13

*Younger v. Harris*, 401 U.S. 37 (1971) ....................23

**Statutes**

28 U.S.C. §1291 ....................2

28 U.S.C. §2201(a) ....................14

42 U.S.C. §1983 .................................................................................... 1-2

**Rules**

Federal Rule of Civil Procedure 12(b)(1) ...........................................................8

Ill. S. Ct. Rule 345..................................................................................23

Ill. S. Ct. Rule 383..................................................................................22

Ill. S. Ct. Rule 707(j) ................................................................................3

Ill. S. Ct. Rule 751....................................................................................3

Ill. S. Ct. Rule 751-80 ...............................................................................3

Ill. S. Ct. Rule 752....................................................................................3

Ill. S. Ct. Rule 753.................................................................................. 3-4

Ill. S. Ct. Rule 770....................................................................................4

Ill. S. Ct. Rule 779....................................................................................3

Illinois Rule of Professional Conduct 8.2(a)..........................................................6

Illinois Rules of Professional Conduct 8.4 ............................................... 6; 16, n. 3

ARDC Rule 201 .......................................................................................3

**JURISDICTIONAL STATEMENT**

Plaintiffs' jurisdictional statement is not complete and correct.

Plaintiffs Children of the Court and Judiciocracy, LLC, filed an amended complaint pursuant to 42 U.S.C. §1983 in the United States District Court for the Northern District of Illinois, Eastern Division, against the Illinois Attorney Registration and Disciplinary Commission, its Administrator, Lea S. Gutierrez, in her official capacity, and one of its senior counsel Tammy Evans, in her official capacity. Doc. 59. The single count complaint alleged that Defendants violated Plaintiffs' First Amendment Rights by pursuing disciplinary charges against Illinois attorney Edward Weinhaus. Doc. 59 at ¶¶ 155-74.

The District Court lacked subject matter jurisdiction over Count I of Plaintiffs' amended complaint pursuant to *Swanson v. City of Chetek*, 719 F.3d 780 (7th Cir. 2013); *Linda R.S. v. Richard D.*, 410 U.S. 614 (1973); and *Del Marcelle v. Crown Cnty. Corp.*, 680 F.3d 887 (7th Cir. 2012), because Plaintiffs could claim only an indirect injury resulting from the ARDC's prosecution of Mr. Weinhaus, and such indirect injury was not legally cognizable.

The District Court entered an order on May 15, 2026, dismissing the complaint for lack of standing. Doc. 68 at 5-11, 14. The District Court also addressed the parties' arguments about abstention, finding that, even if Plaintiffs had standing, abstention would be appropriate. Doc. 68 at 11-13.

Plaintiff filed a notice of appeal on June 11, 2026. Doc. 70. This Court has jurisdiction over the appeal from the District Court's final order pursuant to 28 U.S.C. §1291.

## STATEMENT OF ISSUES PRESENTED FOR REVIEW

1. Whether Plaintiffs have standing to complain about the Illinois Attorney Registration and Disciplinary Commission's prosecutorial discretion when Plaintiffs have no legally cognizable interest in the prosecution of Illinois attorney Edward Weinhaus and have not demonstrated any concrete injury from Defendants' actions?

2. Whether Plaintiffs alternative argument that they have third-party standing is unavailing?

3. Whether abstention is appropriate in this matter to avoid offending the principles of comity and federalism?

## STATEMENT OF THE CASE

This case is an appeal by Children of the Court and Judiciocracy, LLC, of the dismissal with prejudice of their first amended complaint asserting a single claim under 42 U.S.C. §1983 against the Illinois Attorney Registration and Disciplinary Commission (an agency of the Supreme Court of Illinois) and its employees Lea S. Gutierrez and Tammy Evans, in their official capacities, and alleging that Defendants' attorney disciplinary prosecution of Illinois lawyer Edward Weinhaus violated Plaintiffs' First Amendment rights.

## A. Background

The Supreme Court of Illinois has the inherent power to regulate the admission of attorneys to the Illinois bar and to discipline those attorneys who have been authorized to practice in Illinois. *In re Thomas*, 2012 IL 113035, ¶ 109; *In re Mitan*, 75 Ill. 2d 118, 123 (1979); Ill. S. Ct. Rules 707(j), 779. The Court has enacted rules governing the registration and discipline of Illinois attorneys. Ill. S. Ct. Rule 751-80. The Illinois Attorney Registration and Disciplinary Commission ("ARDC") is the entity created by the Court for the purpose of the administrative supervision of the registration of, and disciplinary proceedings affecting, members of the Illinois bar. Ill. S. Ct. Rules 751(a), 752(a). Lea S. Gutierrez, as Administrator of the ARDC, is the principal executive officer of the Commission, having been appointed to that position by the ARDC's Commissioners with the approval of the Illinois Supreme Court. Ill. S. Ct. Rules 751(e)(1), 752. Ms. Evans is a senior counsel with the ARDC.

In Illinois disciplinary proceedings, hearings are held before a panel of the ARDC's Hearing Board, consisting of two lawyers and one non-lawyer, who hear evidence and argument, make findings of fact and conclusions of law, and, if warranted, recommend in a report a quantum of discipline (other than a reprimand) to be imposed by the Supreme Court of Illinois. Ill. S. Ct. R. 753(c); ARDC Rule 201. If either party to a disciplinary hearing disagrees with the Hearing Board's report and recommendation, it may appeal to the ARDC's Review Board. The Review Board sits in panels of three lawyer-members and reviews the Hearing Board's

findings of fact, conclusions of law, and any recommendation for discipline. Ill. S. Ct. R. 753(d). The Review Board, like the Hearing Board, will issue a report after considering the case. Ill. S. Ct. R. 753(d)(3). If either party disagrees with the Review Board's report, it may file a Petition for Leave to File Exceptions ("PLE") with the Supreme Court of Illinois, which document is in the nature of an appellate brief and must include argument as to how and why that party believes the Review Board erred in its decision. Ill. S. Ct. Rules 753(e)(1), (2), (3). The opposing party may, if it chooses, file an Answer to the PLE. Ill. S. Ct. R. 753(e)(4). If the Court allows exceptions to a Review Board's report it may, among other things, "enter a final order as recommended by the Review Board or as otherwise determined by the court." Ill. S. Ct. R. 753(e)(5)(a)(A). The Supreme Court of Illinois may impose varying degrees of discipline ranging from reprimand to disbarment. Ill. S. Ct. R. 770.

Mr. Weinhaus is currently the subject of a formal disciplinary complaint filed by the ARDC on April 3, 2025. Doc. 29, Ex. 1.[1] The disciplinary proceedings against Mr. Weinhaus are currently pending before the ARDC's Hearing Board.

The disciplinary complaint alleges that Mr. Weinhaus is the Chief Executive Officer of Plaintiff Judiciocracy, LLC ("Judiciocracy"), and reviews all content before it is published on the website of *ALABnews*, a Judiciocracy publication. Doc. 29, Ex. 1 at 1. The disciplinary complaint alleges that Cook County Circuit Court Judge

[1]The District Court considered public records referenced in the Plaintiffs' first amended complaint or which the parties requested that the court take judicial notice. Doc. 68 at 2, n. 1 (District Court Opinion and Order (May 15, 2026), citing *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)).

Regina Scannicchio presided over a domestic relations matter involving Mr. Weinhaus and his former spouse between October 7, 2015, and September 23, 2022. Doc. 29, Ex. 1 at 2. The disciplinary complaint further alleges that Mr. Weinhaus settled an unrelated case before then-Cook County Circuit Court Judge Thaddeus Wilson for the sum of $6,000,000, and that Judge Wilson signed the settlement order.[2] Doc. 29, Ex. 1 at 2. The disciplinary complaint further alleges that Mr. Weinhaus used that sum to create Plaintiff Children of the Court, which advocates that judges who have never been parents or are uninvolved in the foster care system should not make decisions on parental issues in family law cases. Doc. 29, Ex. 1 at 2.

The disciplinary complaint further alleges that Mr. Weinhaus, on April 18, 2023, caused a website to be created for Children of the Court that included a webpage entitled "Team" on which he posted a picture of Judge Wilson above the term "Nationwide Enforcer" and a biography that read:

> Although he sits on a bench in Cook County, Illinois, his order has created a national organization, advocating in every state. Judge Wilson is responsible for enforcing the funding of Children of the Court pursuant to his April 18, 2023 order in Cook County.

Doc. 29, Ex. 1 at 2-3.

The disciplinary complaint further alleges that Respondent's statements about Judge Wilson on the website, that he was a nationwide enforcer for Children of the Court and a member of its team, were false; that Mr. Weinhaus knew the

[2] Hon. Thaddeus Wilson has since been appointed to the Illinois Appellate Court, First District.

statements were false and caused their placement on the website; and that his statements concerned Judge Wilson's impartiality, and thus Judge Wilson's qualifications and integrity, which violates Illinois Rules of Professional Conduct 8.2(a) (a lawyer shall not make a false statement or make a statement with reckless disregard as to its truth or falsity concerning the qualifications or integrity of a judge) and 8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). Doc. 29, Ex. 1 at 3-5.

The disciplinary complaint further alleges that, on December 12, 2023, Mr. Weinhaus caused an article to be posted on the *ALABnews* website, titled "Breaking: Dastardly Chicago Divorce Attorneys Hurst Robin Kay & Allen Have Own Client Thrown in Jail According to Legal News Journal." Doc. 29, Ex. 1 at 3. The disciplinary complaint further alleges that the article included the following statement:

> In an unprecedented "slam" on a fellow judge, another Cook County judge and leader the Hon. Thaddeus L. Wilson immediately ordered an organization be started to keep judges like [Judge Regina] Scannicchio away from cases involving children.

Doc. 29, Ex. 1 at 3. The disciplinary complaint alleges that Respondent made the above statement, and that it violates Illinois Rules of Professional Conduct 8.2(a) and 8.4(c) because Judge Wilson did not immediately order an organization be started to take any action against Judge Scannicchio; Judge Wilson did not order any organization to take action against Judge Scannicchio or any other judge; Judge Wilson has no involvement in Children of the Court; Mr. Weinhaus made the

statement knowing that it was false or made it with reckless disregard for its truth or falsity; and the statement concerned the qualifications and integrity of Judges Wilson and Scannicchio. Doc. 29, Ex. 1 at 3-4.

In his answer to the ARDC's disciplinary complaint, Mr. Weinhaus has raised the same or similar challenges to the disciplinary proceedings as Plaintiffs raise before this Court, including that that the ARDC's prosecution of its allegations of misconduct "is an overreach of authority and a violation of the Constitutional protection of free speech," and that the ARDC is seeking to interfere with Children of the Court's and Judiciocracy's rights to associate with attorneys. Doc. 62, Ex. 1 at 21-23.

## B. Plaintiffs' Instant Lawsuit Against Defendants

On March 30, 2025, Plaintiffs filed a one-count complaint with the United States District Court for the Northern District of Illinois against the ARDC, Ms. Gutierrez and Ms. Evans, alleging that Defendants' disciplinary prosecution of Mr. Weinhaus violated Plaintiffs' First Amendment rights. Doc. 1. Plaintiffs alleged that Mr. Weinhaus is Plaintiffs' "key man." Doc. 1 at 2. (Plaintiffs have also alleged that Mr. Weinhaus is Plaintiffs' "Executive Director," the volunteer who "lead[s]" Children of the Court, a "member" of Children of the Court and Judiciocracy, Judiciocracy's CEO, an "attorney-agent" for Plaintiffs, Plaintiffs' "executive," and Plaintiffs' "key man." First Amended Complaint, Doc. 59 at 2, 6, 7, 8, 9, 12, 13.) Plaintiffs alleged that, by virtue of Defendants' prosecuting Mr. Weinhaus for the specific statements outlined above, Defendants are impairing

Plaintiffs' ability to operate, in violation of the First Amendment. Doc. 1 at 15-16; *see also* Doc. 59 at 34-37. Plaintiffs also filed a motion for preliminary injunction asking the District Court to enjoin the Illinois disciplinary proceedings. Doc. 11.

The District Court denied Plaintiffs' motion for a preliminary injunction on May 28, 2025, and dismissed their complaint without prejudice in an opinion and order dated December 10, 2025, for lack of standing, noting that "[e]ven if Plaintiffs had standing, abstention principles would apply." Doc. 36, 57 at 12. The District Court then stated, "To the extent Plaintiffs' counsel believes that he can correct the serious deficiencies noted in this opinion consistent with his Rule 11 obligations, Plaintiffs may file an amended complaint by January 15, 2025 [*sic*]." Doc. 57 at 12.

Plaintiffs filed their first amended complaint on January 14, 2026. Doc. 59. On February 5, 2026, Defendants filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing a lack of standing and, alternatively, asking the District Court to abstain from adjudicating the matter based on the ongoing disciplinary proceedings. Doc. 61, 62. On May 15, 2026, the District Court dismissed with prejudice the first amended complaint for lack of standing and "[b]ecause Plaintiffs have not cured the deficiencies outlined in the December 10 Opinion and would not be able to do so in the future." Doc. 68 at 14. The District Court also stated in its May 15, 2026, opinion that "even if Plaintiffs had standing, abstention would be appropriate." Doc. 68 at 11. Plaintiff filed an appeal of the District Court's ruling.

## SUMMARY OF THE ARGUMENT

Plaintiffs lack standing because they have no legally cognizable interest in the prosecution of Mr. Wienhaus and have not demonstrated any concrete injury from Defendants' actions. Plaintiffs also seek relief that would improperly affect the ARDC's (and the Illinois Supreme Court's) discretionary policies and would not redress their purported injuries. Plaintiffs further failed to demonstrate that they have third-party standing, where they did not show an obstacle to Mr. Weinhaus' ability to vindicate his own rights. Finally, even if Plaintiffs had standing, their complaint is properly dismissed on abstention grounds.

## ARGUMENT

### I.
### PLAINTIFFS LACK STANDING TO COMPLAIN ABOUT THE ARDC'S PROSECUTORIAL DISCRETION, WHEN THEY HAVE NO LEGALLY COGNIZABLE INTEREST IN THE PROSECUTION OF MR. WIENHAUS AND HAVE NOT DEMONSTRATED ANY CONCRETE INJURY FROM DEFENDANTS' ACTIONS

In the District Court, Plaintiffs essentially sought to enjoin the ARDC from continuing to prosecute Mr. Weinhaus for allegations of attorney misconduct, by requesting that the District Court issue an injunction preventing Defendants "from engaging in further unconstitutional conduct by attacking attorneys who advise organizations who conduct Judicial Reform" and by "[e]njoining Defendants from removing protections of the Illinois Rules of Professional Conduct for Plaintiffs' attorneys for advising its clients[.]" Doc. 59 at 37. The ARDC's disciplinary complaint against Mr. Weinhaus alleges that he is responsible for the statements

outlined in the disciplinary complaint, which allegedly impugned various judges' integrity. Doc. 29, Ex. 1. Plaintiffs' posture is that the statements at issue in the ARDC proceedings are their speech and must not be attributed to Mr. Weinhaus, which is a disputed issue in the ARDC proceedings. *See e.g.* First Amended Complaint, Doc. 59 at 34-37; Memorandum in Support of MTD First Amended Complaint, Doc. 62, Ex. 1 at 21-23 (Weinhaus Answer to Disciplinary Complaint). The District Court dismissed the Plaintiffs' claims with prejudice, because they do not have a legally cognizable interest in the prosecution of Mr. Weinhaus, have failed to demonstrate any concrete injury to themselves, and thus lack standing. Doc. 68 at 5.

This Court reviews *de novo* a district court's decision that a plaintiff lacks standing. *Lewert v. P.F. Chang's China Bistro, Inc.*, 819 F.3d 963, 966 (7th Cir. 2016) ("We consider *de novo* the question whether a plaintiff satisfies the standing criteria"); *Silha v. ACT, Inc.*, 807 F.3d 169, 172 (7th Cir. 2015) ("We review a district court's dismissal for lack of subject matter jurisdiction *de novo*").

The need for a litigant to have standing to invoke the jurisdiction of the federal courts is a requirement of constitutional and jurisdictional dimension. *Allen v. Wright*, 468 U.S. 737, 750-52 (1984). For standing to exist, the plaintiff must demonstrate an "injury in fact," meaning "an invasion of a legally protected interest which is concrete and particularized, and actual and imminent," a causal connection between the injury and the conduct complained of, and that the injury likely will be redressed by the requested relief. *Swanson v. City of Chetek*, 719 F.3d 780, 783 (7th

Cir. 2013). Each element "must be supported by more than unadorned speculation." *Plotkin v. Ryan*, 239 F.3d 882, 885 (7th Cir. 2001). "It is not enough that [plaintiff] claims to have been injured by the defendant's conduct"; instead, "[t]he alleged injury must be legally and judicially cognizable." *Mainstreet Org. of Realtors v. Calumet City*, 505 F.3d 742, 753 (7th Cir. 2007). The requirement of standing is not excused in actions seeking declaratory or injunctive relief. *See Geisha, LLC v. Tuccillo*, 525 F. Supp. 2d 1002, 1009-10 (N.D. Ill. 2007); and *Pomozal v. City of Highland Park*, No. 00 C 7472, 2003 U.S. Dist. LEXIS 26052, at *32-33 (N.D. Ill. Mar. 7, 2003).

Plaintiffs complain about the ARDC's prosecution of Mr. Weinhaus, and "the loss of access to their key man[]," as the basis of their purported injury. Doc. 59 at 28, 35. However, it is a matter of clearly established law that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution," and that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973). Judge Easterbrook noted that *Linda R.S.*'s holding "is a limit on standing; *Linda R.S.* holds that there is no justiciable controversy, which knocks out *all* substantive legal theories," and that the plaintiff in that case "needs to show how he was injured by what the defendants did to him, rather than by what they didn't do to other people or what they didn't do *for* him." *Del Marcelle v. Brown County Corp*, 680 F.3d 887, 901 (7th Cir. 2012) (Chief Judge Easterbrook concurring; emphasis in original). *See also*

*Manning v. Mun. Ct. of Roxbury Dist.*, 361 N.E.2d 1274, 1276-77 (Mass. 1977) ("The plaintiff has no constitutional right to direct the conduct of a public prosecutor").

More specifically, courts that have addressed the issue have uniformly concluded that a member of the public has no standing to challenge an attorney disciplinary agency's decision regarding whether to prosecute an attorney. *See e.g., Peterson v. U.S.*, 02 C 5996, 2002 U.S. Dist. LEXIS 19247 (N.D. Ill. Oct. 3, 2002) (plaintiff was not entitled to any order compelling investigations by the ARDC); *Smith v. Shook*, 237 F.3d 1322, 1324-25 (11th Cir. 2001) (plaintiff lacked standing to challenge State Bar Deputy General Counsel's decision not to prosecute plaintiff's former attorney). As Plaintiffs are not the subject of the disciplinary complaint, they have no cognizable interest in the outcome of the disciplinary proceedings. Accordingly, Plaintiffs lack standing to seek an injunction against the ARDC's prosecution of Mr. Weinhaus.

There is no merit to Plaintiffs' argument that *Linda R.S.* is inapposite to the instant matter because Defendants are targeting their speech. Setting aside the wholly conclusory nature of Plaintiffs' argument that the speech at issue in the disciplinary proceedings is their speech, Plaintiffs' argument ignores the well-established principle in *Linda R.S.*, as discussed above, that "a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution." *Linda R.S.*, 410 U.S. at 619. This is so because the direct, distinct and palpable injury plainly falls on the attorney who is the subject of the disciplinary complaint, not on others. *See United*

*States v. Grundhoefer*, 916 F.2d 788, 791 (2d Cir. 1990) ("The direct, distinct and palpable injury in a criminal sentencing proceeding plainly falls only on the defendant who is being sentenced"). Thus, "'[t]he upshot of *Linda R.S.* * * * is that the interest in the just administration of the laws * * * is presumptively deemed nonjusticiable even if invoked by persons with something beyond a generalized bystander's concern.'" *Lefebure v. D'Aquilla*, 15 F.4th 650, 657 (5th Cir. 2021) (citation omitted). Since Plaintiffs are not being prosecuted by the ARDC or being threatened with prosecution, they lack standing to contest the ARDC's prosecution of Mr. Weinhaus. This Court should also note that *Linda R.S.* states that "a private citizen lacks a judicially cognizable interest in the prosecution *or non-prosecution* of another." *Linda R.S.*, 410 U.S. at 619 (1973) (emphasis added). So the fact that Plaintiffs are attempting to halt a prosecution rather than compel one is irrelevant.

Plaintiffs' references to the United States Supreme Court recognizing an organization's First Amendment rights do not refute Defendants' arguments that Plaintiffs lack standing to contest the ARDC's prosecution of Mr. Weinhaus. For example, Plaintiffs cite *NAACP v. Button*, 371 U.S. 415 (1963), but that case involved a challenge to a statute that directly prohibited the organization's activities. In the instant matter, as the District Court found, the ARDC's prosecution of Mr. Weinhaus does not directly prohibit the Plaintiffs' activities, and they are free to draft content for websites, draft news stories and engage in other speech "and the ARDC cannot stop them." Doc. 68 at 8. Similarly, Plaintiffs' discussion of the cases of *Brotherhood of Railroad Trainmen v. Virginia*, 377 U.S. 1

(1964), *United Mine Workers v. Illinois State Bar Ass'n*, 389 U.S. 217 (1967), and *In re Primus*, 436 U.S. 412 (1978), is without merit. Those cases involved plaintiffs who were prohibited from engaging in activity, such that standing was not an issue. In the instant matter, the ARDC has not brought disciplinary proceedings against Plaintiffs and could not do so because Plaintiffs are not lawyers to whom the Illinois Rules of Professional Conduct apply. As the District Court found, those Supreme Court cases "are therefore irrelevant here." Doc. 68 at 7.

Plaintiff's reliance on the Declaratory Judgment Act is also without merit. The Declaratory Judgment Act provides that "[i]n a *case of actual controversy* within its jurisdiction," a district court "*may declare* the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). Because "it is the underlying cause of action of the defendant against the plaintiff that is actually litigated in a declaratory judgment action, a party bringing a declaratory judgment action must have been a proper party had the defendant brought suit on the underlying cause of action." *Collin Cty. v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990). Consequently, "the Act does not allow a stranger to intended litigation to use a declaratory judgment action as a vehicle to create a cause of action for which it has no legal liability." *Collin Cty.*, 915 F.2d at 172.

Here, there are no adverse legal interests between Plaintiffs and Defendants. As the disciplinary complaint clearly demonstrates, the ARDC's proceedings have

not been brought against Plaintiffs, nor could they have been, since Plaintiffs are nonlawyer entities and the Rules of Professional Conduct apply only to lawyers. Therefore, dismissal of Plaintiffs' amended complaint with prejudice was appropriate.

Additionally, granting Plaintiffs' requested relief would be tantamount to allowing Plaintiffs to interfere with the ARDC's discretionary decision to prosecute Mr. Weinhaus. The decision to prosecute or not to prosecute a member of the Illinois bar is the function of the ARDC, as the Supreme Court of Illinois' agent administrating its disciplinary system. Granting Plaintiffs' requested relief would entail expansive federal judicial direction over the ARDC's (and the Supreme Court's) discretionary policies. That could open the door to future federal court complaints from law firms or others claiming to be affected by attorney disciplinary proceedings, who would seek federal judicial direction of Illinois disciplinary matters, effectively undermining the Supreme Court's state constitutional power over the practice of law in Illinois. Also, as the District Court found, granting Plaintiffs' requested relief would not necessarily foreclose the ARDC's prosecution of Mr. Weinhaus, "which is the only thing that would redress Plaintiffs' purported

injuries."[3] Doc. 68 at 10. Accordingly, Plaintiffs' lack standing and their first amended complaint was properly dismissed with prejudice.

## II.
## PLAINTIFFS ALTERNATIVE ARGUMENT THAT THEY HAVE THIRD-PARTY STANDING IS UNAVAILING

Plaintiffs argued, alternatively, that they have third-party standing because they suffered their own injury, they have a close relationship with Mr. Weinhaus, and there is a hindrance to Mr. Weinhaus' ability to protect his own interests. Doc. 65 at 7. In dismissing the Plaintiffs amended complaint, the District Court found that Plaintiffs made no allegations that Mr. Weinhaus cannot protect his own interests. Doc. 68 at 8. Rather, Plaintiffs set forth the unsupported conclusion in their amended complaint that "Mr. Weinhaus cannot adequately represent the interests of the Plaintiffs in his state proceeding." Doc. 59 at ¶ 139; *see also* Doc. 65 at 7 (Plaintiffs similarly alleging that "Mr. Weinhaus is hindered from protecting Plaintiffs' interests."). However, this is not the correct standard for third-party standing. Plaintiffs "must demonstrate some obstacle to the third parties' ability to vindicate their own rights." *In re Sweports, Ltd.*, 476 B.R. 540, 544, n. 5 (Bankr. N.D. Ill. 2012). They have not demonstrated such, nor could they, because Mr. Weinhaus did file an answer and affirmative defenses in his attorney disciplinary

[3]As the District Court found, the Illinois Rules of Professional Conduct prohibit attorneys from making false statements and making false statements through others. Doc. 68 at 10 (citing Illinois Rule of Professional Conduct 8.4(a)). "Therefore, whether or not the Court declared that the statements at issue belonged to Plaintiffs, the ARDC could continue" to prosecute Mr. Weinhaus under a theory different from the pending disciplinary complaint. Doc. 68 at 10.

matter, raising constitutional arguments. Doc. 62, Ex. 1 at 21-23. Plaintiffs' thus lack third-party standing on that basis alone.

## III.
## ABSTENTION IS APPROPRIATE IN THIS MATTER, TO AVOID OFFENDING THE PRINCIPLES OF COMITY AND FEDERALISM

Plaintiffs argued that if they had standing, abstention would not be appropriate because they are not parties to the ARDC's disciplinary proceedings, there is no compelling state interest, and they have no adequate opportunities to raise their claims in state court. Doc. 65 at 9-13. Plaintiffs also argued that the Defendants are prosecuting Mr. Weinhaus in bad faith, and that the Defendants' actions are patently violative of express constitutional prohibitions. Doc. 65 at 13-15. The District Court found, "It is well established that a state has "an extremely important interest in maintaining and assuring the professional conduct of [its] attorneys." Doc. 68 at 12 (citing *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 434 (1982)). The District Court also found that Plaintiffs did not allege that they are foreclosed from asserting their rights at the state level, allege facts supporting an inference of bad faith, or allege "that the 'flagrantly and patently violative of express constitutional prohibitions' exception to abstention applies." Doc. 68 at 12-13. The District Court thus found that "even if Plaintiffs had standing, abstention would be appropriate." Doc. 68 at 11.

Although the District Court's final order was that the Plaintiffs' complaint was dismissed for lack of standing (*see Rhodes v. Dittmann*, 783 F.3d 669, 675 (7th Cir. 2015) ("we review judgments, not opinions"), in reviewing a decision to abstain,

"the underlying legal questions are subject to *de novo* review, and the ultimate decision itself is reviewed for abuse of discretion. *Courthouse News Serv. v. Brown*, 908 F.3d 1063, 1068 (7th Cir. 2018).

The United States Supreme Court has made clear that a federal court appropriately abstains from interfering with an ongoing state matter where the matter is a judicial proceeding, where the proceeding implicates important state interests, and where the state affords an adequate opportunity to raise constitutional challenges. *Middlesex Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423 (1982). Once these three conditions are met, "abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Chapman v. Oklahoma*, 472 F.3d 747, 749 (10th Cir. 2006). Even if a federal plaintiff is not a defendant in the state court proceedings, abstention is still appropriate when the principles of equity, comity, and federalism are implicated in the case. *SKS & Assoc. v. Dart*, 619 F.3d 674 (7th Cir. 2010). When a plaintiff comes to federal court with a constitutional claim for equitable relief that seeks to have the federal court tell a state court how it should manage its case adjudication, a decision in federal court would "run contrary to the 'vital' considerations of comity and federalism and would be inconsistent with 'the traditional reluctance of a federal court to meddle in state court proceedings.'" *SKS & Assoc.*, 619 F.3d at 679, *quoting New Orleans Pub. Serv., Inc. v. Council of New Orleans*, 491 U.S. 350, 364 (1989), and *Pugach v. Dollinger*, 365 U.S. 458, 462 (1961).

It is well established that Illinois attorney disciplinary proceedings are judicial proceedings, and that important state interests are implicated by such proceedings. *See Storment v. O'Malley*, 938 F.2d 86, 89 (7th Cir. 1991) ("Given the elaborate procedure established by the Illinois Supreme Court for disciplining attorneys, including extensive hearings and review by the supreme court, [Illinois attorney disciplinary] proceedings are clearly judicial in nature."); *Levin v. ARDC*, 74 F.3d 763, 766 (7th Cir. 1996); *Greening v. Moran*, 953 F.2d 301, 304 (7th Cir. 1992); *Middlesex*, 457 U.S. at 433-34 (finding it "clear beyond doubt" that state supreme court's attorney discipline processes and procedures are "judicial in nature").

Further, it is incontrovertible that Illinois attorney disciplinary proceedings involve an important state interest. "Illinois, like all states, has an extremely important interest in maintaining and assuring the professional conduct of the attorneys it licenses . . . regardless of the scope of the federal suit which seeks to enjoin the state proceedings." *Storment*, 938 F.2d at 89.

Further still, "[c]ase law clearly establishes that an attorney may challenge the constitutionality of ARDC disciplinary proceedings within the proceedings themselves, before the Illinois Supreme Court and ultimately by the United States Supreme Court." *Cleveland v. ARDC*, No. 95 C 5775, 1996 U.S. Dist. LEXIS 13198 at *13 (N.D. Ill. Sep. 5, 1996), *citing In re Samuels*, 126 Ill. 2d 509, 523-24 (1989). The Illinois Supreme Court rules pertaining to attorney disciplinary proceedings also provide a respondent in a disciplinary proceeding with the ability to raise any

constitutional challenges. *Peterson v. United States*, No. 02 C 5996, 2003 U.S. Dist. LEXIS 15299 at *9 (N.D. Ill. Aug. 28, 2003). Not only can a respondent raise constitutional challenges during the hearing phase of a disciplinary matter, but once the ARDC's Hearing Board files a report and recommendation, the respondent may raise constitutional challenges to the Hearing Board's decision before the ARDC's Review Board and, after that, before the Supreme Court of Illinois by petitioning for leave to file exceptions to the Review Board's report and recommendation. The fact that "review by the Illinois Supreme Court is discretionary or unsuccessful does not mean that" a respondent has not been afforded an opportunity to present his or her constitutional challenges. *Peterson*, at *9. *See also Hunter v. Va. State Bar*, 786 F. Supp. 2d 1107 (E.D. Va. 2011) (federal court abstained from intervening in pending state bar disciplinary hearing and dismissed federal case that attorney brought against Virginia State Bar, which had filed disciplinary complaint against attorney for failing to post disclaimer on law firm website; attorney alleged in federal court that disclaimer violated his First Amendment rights and asked federal court to enjoin pending disciplinary hearing).

In the pending disciplinary proceeding against Mr. Weinhaus, he has the opportunity to raise any defense against the charges that he chooses, including any constitutional challenges or disputing his responsibility for the statements that are the subject of the disciplinary complaint. In fact, in his answer to the disciplinary complaint, Mr. Weinhaus raised the same issues Plaintiffs have raised before this Court: that the statements at issue in the disciplinary complaint are that of

Children of the Court and Judiciocracy, that "[t]he speech was not his speech, but the entities' speech," that the ARDC "is attempting to stop an officer, director, and attorney to fulfill his duties to the entities herein," that "[p]unishing the entities' attorney for their speech limits their speech," that the ARDC's pursuit of the allegations of misconduct "is an overreach of authority and a violation of the Constitutional protection of free speech," and that the ARDC is seeking to interfere with Children of the Court's and Judiciocracy's rights to associate with attorneys. Doc. 62, Ex. 1 at 21-23.

Because Mr. Weinhaus has raised the same or similar challenges to the disciplinary proceedings as Plaintiffs raise before this Court, this Court should let the Illinois attorney disciplinary proceedings resolve those challenges. *See Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987) (when constitutional challenge "relate[s] to pending state proceedings, proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand"). Under these circumstances, abstention is appropriate and warranted here.

Further, by asking that a federal court find that the alleged false statements are not Mr. Weinhaus' speech but should, instead, be attributed to Plaintiffs (an important issue in the disciplinary proceedings), and by seeking to enjoin the ARDC from prosecuting the allegations of attorney misconduct against Mr. Weinhaus, Plaintiffs are asking the federal courts to directly inject themselves into the ongoing Illinois attorney disciplinary proceedings against Mr. Weinhaus, potentially

obstructing the fact-finding process in those proceedings, and affecting the Supreme Court's vital interests in maintaining the integrity of the legal profession in Illinois. Attempting a direct attack on a state disciplinary prosecution warrants abstention.

In an attempt to avoid dismissal, Plaintiffs alleged that they "are not permitted to intervene in nor otherwise appear in support of their Executive Director in any related state proceedings." Doc. 59 at 2. As discussed below, Plaintiff's allegation is both conclusory and incorrect. *See Towada Audio Co. v. Aiwa Corp.*, No. 18-cv-4397, 2019 U.S. Dist. LEXIS 41348, at *7 (N.D. Ill. Mar. 14, 2019) ("Merely conclusory assertions and statements of law, however, need not be accepted as true"). "Abstention is proper 'unless state law clearly bars the interposition of the constitutional claims.'" *Sterns v. Lundberg*, 922 F. Supp. 164, 168 (S.D. Ind. 1996). "'The burden on this point rests on the federal plaintiff[s] to show that state procedural law barred presentation of [their] claims.'" *Sterns*, 922 F. Supp. at 169, *quoting Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 14 (1987).

First, Mr. Weinhaus can call Plaintiffs as witnesses on his behalf in the disciplinary case before the ARDC, provided that their testimony is competent and relevant. Even if they are not called as witnesses, Plaintiffs cite no rule that would prohibit them from attempting to raise their constitutional arguments in state court or in the attorney disciplinary proceedings, although Illinois Supreme Court Rule 383 permits the filing of motions for supervisory order with the Supreme Court of Illinois. Plaintiffs could also seek leave to file an *amicus curiae* brief raising their constitutional arguments in support of Mr. Weinhaus if the disciplinary case

proceeds before the ARDC's Review Board or the Illinois Supreme Court. *See* Ill. S. Ct. R. 345 (regarding amicus briefs).

As to the finding that Plaintiffs did not allege facts supporting an inference of bad faith, the bad faith exception to the *Younger* abstention requires Plaintiffs to plead facts demonstrating that "state officials are using or threatening to use prosecutions, regardless of their outcome, as instrumentalities for the suppression of speech." *Collins v. Cty. of Kendall*, 807 F.2d 95, 101 (7th Cir. 1986). "[T]o trigger the bad faith exception, a plaintiff must proffer 'specific evidence from which it can be inferred that state officials have been enforcing [a] statute against [him] in bad faith and for purposes of harassment.'" *Berrada Props. Mgmt. Inc. v. Romanski*, 608 F. Supp. 3d 746, 753 (E.D. Wis. 2022). Conclusory allegations and those "grounded in a subjective sense of aggrievement" are not sufficient to trigger the bad faith exception. *Id.*, at 754.

In the instant matter, Plaintiffs failed to offer any indication of bad faith on the part of the ARDC in prosecuting Mr. Weinhaus. Plaintiffs referenced an investigatory sworn statement in which Mr. Weinhaus participated prior to the ARDC filing its disciplinary complaint, and Plaintiffs allege that certain exchanges between Defendant Evans and Mr. Weinhaus during the sworn statement "serve as party admissions" and demonstrate "an admission of unconstitutional intent and behavior of restricting free speech and associational rights" and that "the speech is truthful" and "is the speech of the entities." Doc. 59 at 22-23.

However, Plaintiffs' reliance on the sworn statement does not demonstrate bad faith, because, in part, a presumption of validity attaches to the action of a state agency, *Colo. Health Care Ass'n v. Colo. Dept. of Social Services*, 842 F.2d 1158, 1164 (10th Cir. 1988), and a state prosecutor's decision to prosecute is afforded a presumption of regularity. *Gomez v. Schneiter*, 05-C-184-C, 2005 U.S. Dist. LEXIS 20236 at *24-*25 (W.D. Wis. Sept. 15, 2005), *citing U.S. v. Armstrong*, 517 U.S. 456, 464 (1996). Also, "judicial admissions are 'any 'deliberate, clear and unequivocal' statement, either written or oral, made in the course of judicial proceedings.'" *McCaskill v. SCI Mgmt. Corp.* 298 F.3d 677, 680 (7th Cir. 2002), *quoting In re Lefkas Gen. Partners*, 153 B.R. 804, 807 (N.D. Ill. 1993), *quoting In re Corland Corp.*, 967 F.2d 1069, 1074 (5th Cir. 1992). During the sworn statement, Defendant Evans said "Okay" and "I understand that," which were nothing more than conversational prompts or statements that she understood what Mr. Weinhaus was saying, not deliberate, clear and unequivocal statements or statements of her agreement with his testimony, and therefore do not qualify as admissions of any sort. Also, pursuant to *Kohler v. Leslie Hindman, Inc.*, 80 F.3d 1181, 1185 (7th Cir. 1996) (emphasis in original), "a statement made in one lawsuit cannot be a judicial admission in another"; "[i]t can be *evidence* in the other lawsuit, but no more." Accordingly, nothing Defendant Evans said during the sworn statement constitutes an admission in this proceeding, and her statements do not establish any bad faith motivation for bringing the disciplinary action against Mr. Weinhaus. Plaintiffs

have not made an adequate showing of bad faith to avoid dismissal of their amended complaint on abstention grounds.

As to the finding that Plaintiffs did not allege "that the 'flagrantly and patently violative of express constitutional prohibitions' exception to abstention applies" (Doc. 68 at 13), the ARDC's disciplinary complaint alleges, very narrowly, that Mr. Weinhaus made, or caused to be made, certain false statements about certain judges' integrity knowing those statements were false or with reckless disregard as to their truth or falsity. "It is well established that statements critical of public officials that are made 'with knowledge of their falsity or in reckless disregard of whether they are true or false' are not protected by" the First Amendment. *Notopoulos v. Statewide Grievance Comm'n*, 890 A.2d 509, 519 (Conn. 2006), *quoting Garrison v. Louisiana*, 379 U.S. 64, 78 (1964). The way that a state successfully navigates the competing interests of an attorney's right to free political speech and a state's right to regulate attorney conduct is by prohibiting attorneys from making false statements with knowledge of their falsity or with reckless disregard of the truth. *Dowling v. Ala. State Bar*, 539 So.2d 149 (Ala. 1988). *See also In re Palmisano*, 70 F.3d 483, 487 (7th Cir. 1995) ("the Constitution does not give attorneys the same freedom as participants in political debate"). Illinois attorneys routinely have been unsuccessful in their attempts to use the First Amendment to avoid discipline for making false statements about judges. *See e.g., In re Duebbert*, 2013PR00127 (Review Bd., May 18, 2015) at 7-8, *recommendation adopted*, M.R. 27475 (Sept. 21, 2015) (attorney's false statements in judicial

campaign flyer not protected by First Amendment); *In re Lowery*, 2020PR00018 (Review Bd., Oct. 13, 2022) at 16-23, *recommendation adopted*, M.R. 031506 (Jan. 17, 2023) (attorney's false statements about judge in telephone conversation with customer service representative of website hosting company not protected by First Amendment).

The ARDC is prosecuting Mr. Weinhaus for making allegedly false statements about certain judges' integrity, which is speech that enjoys no constitutional protection. The Illinois Rules of Professional Conduct at issue are not patently violative of constitutional prohibitions, and, therefore, the place to litigate whether Mr. Weinhaus' statements were false, and whether he is responsible for having made them, is before the ARDC's Hearing Board. Altogether, the legal criteria for abstention are present in the instant matter, and dismissal of Plaintiffs' amended complaint on abstention grounds would be appropriate because granting the relief sought would greatly offend the principles of comity and federalism.

## CONCLUSION

For the foregoing reasons, Defendants Illinois Attorney Registration and Disciplinary Commission, Lea S. Gutierrez and Tammy Evans respectfully request that this Court affirm the decision of the United States District Court for the Northern District of Illinois dismissing Plaintiffs Children of the Court and Judiciocracy, LLC's complaint.

Respectfully submitted,

Defendants-Appellees

By: */s/ James Scott Renfroe*
James Scott Renfroe
ARDC No. 6190170
Attorney Registration and
Disciplinary Commission
130 East Randolph, Suite 1500
Chicago, IL 60601
(312) 565-2600
srenfroe@iardc.org

*/s/ Athena T. Taite*
Athena T. Taite
ARDC No. 6210349
Attorney Registration and
Disciplinary Commission
130 East Randolph, Suite 1500
Chicago, IL 60601
(312) 565-2600
ataite@iardc.org

**CERTIFICATE OF COMPLIANCE WITH FED. R. APP. P. 32(a) AND CIR. R. 32(b)**

The undersigned attorneys hereby certify,

1. This document complies with the length limitation of Fed. R. App. P. 32(a)(7)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 27 pages.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and Cir. R. 32(b), and the type-style requirements of Fed. R. App. P. 32(a)(6), because this document has been prepared in a proportionally spaced typeface using Word with 12-point Century Schoolbook typeface.

Respectfully submitted,

By: */s/ James Scott Renfroe*
James Scott Renfroe
ARDC No. 6190170
Attorney Registration and
Disciplinary Commission
130 East Randolph, Suite 1500
Chicago, IL 60601
(312) 565-2600
srenfroe@iardc.org
*Attorney for Defendants-Appellees*

*/s/ Athena T. Taite*
Athena T. Taite
ARDC No. 6210349
Attorney Registration and
Disciplinary Commission
130 East Randolph, Suite 1500
Chicago, IL 60601
(312) 565-2600
ataite@iardc.org
*Attorney for Defendants-Appellees*

Dated: August 20, 2026

**CERTIFICATE OF SERVICE**

The undersigned attorneys hereby certify that, on August 20, 2026, electronic copies of the Brief of Defendants-Appellees were delivered to counsel for Plaintiffs-Appellants Children of the Court and Judiciocracy, LLC, through the court's electronic filing system and by email to Adam Florek at aflorek@floreklllc.com, and Antonio Valiente-Rivera at lcdoavaliente@live.com.

Respectfully submitted,

By: /s/ James Scott Renfroe
James Scott Renfroe
ARDC No. 6190170
Attorney Registration and
Disciplinary Commission
130 East Randolph, Suite 1500
Chicago, IL 60601
(312) 565-2600
srenfroe@iardc.org
*Attorney for Defendants-Appellees*

/s/ Athena T. Taite
Athena T. Taite
ARDC No. 6210349
Attorney Registration and
Disciplinary Commission
130 East Randolph, Suite 1500
Chicago, IL 60601
(312) 565-2600
ataite@iardc.org
*Attorney for Defendants-Appellees*

Dated: August 20, 2026
4934-3233-3000, v. 1